Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME PROVIDE ANYONE, OR GROUP THE RIGHT TO INITIATE, AND PETITION THE LEGAL VOTERS OF A COUNTY, OR MUNICIPALITY EACH WHOLELY [SIC] SEPARATE TO ADOPT, ENACT, OR REJECT BY THE LEGAL VOTERS OF A COUNTY, OR MUNICIPALITY PAY TO PLAY BINGO, AND RAFFLES BY NON PROFIT ORGANIZATIONS, OR PAY TO PLAY GAMBLING WITH SPECIFIC GAMES OF CHANCE IN HOTELS, OR PAY TO PLAY GAMBLING WITH SPECIFIC GAMES OF CHANCE ON WATER VESSELS, OR PAY TO PALY [SIC] SIMUALCAST [SIC] OFF TRACK PARA MUTUAL [SIC] WAGERING EACH AS A WHOLELY [SIC] SEPARATE LOCAL COUNTY, OR MUNICIPAL BALLOT MEASURE ON THE REGULAR GENERAL ELECTION BALLOT
 BALLOT TITLE AMENDMENT TO PROVIDE ANYONE, OR GROUP THE RIGHT TO INITIATE, AND PETITION THE LEGAL VOTERS OF A COUNTY, OR MUNICIPALITY WITHOUT REGARD TO MUNICIPAL POPULATION WHOLELY [SIC] SEPARATE FROM THE COUNTY TO ADOPT, ENACT, OR REJECT BY THE LEGAL VOTERS OF THE COUNTY, OR MUNICPALITY [SIC] THE OPERATION OF PAY TO PLAY BINGO, AND RAFFLES BY NON PROFIT ORGANIZATIONS AS A WHOLELY [SIC] SEPARATE LOCAL COUNTY, OR MUNICIPAL BALLOT MEASURE ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE ANYONE, OR GROUP THE RIGHT TO INITIATE, AND PETITION THE LEGAL VOTERS OF A COUNTY, OR MUNICIPALITY WITH A POPULATION GREATER THAN TEN THOUSAND WHOLELY [SIC] SEPARATE FROM THE COUNTY TO ADOPT, ENACT, OR REJECT BY THE LEGAL VOTERS OF THE COUNTY, OR THE MUNICIPALITY THE BUSINESS OPERATION OF PAY TO PLAY CASINO GAMBLING WITH GAMES OF CHANCE OF WHICH EACH TYPE OF GAME MUST BE SPECIFICALLY NAMED, BUT MAY NOT INCLUDE PAY TO PLAY BINGO, OR RAFFLES ON THE LOCAL COUNTY, OR MUNICIPAL BALLOT MEASURE IN HOTELS WITH NO LESS THAN TEN THOUSAND SQUARE FEET OF ENCLOSED FLOOR SPACE, AND NOT MORE THAN TEN PERCENT OF THE OVER ALL ENCLOSED FLOOR SPACE USED AS A GAMBLING AREA, OR PAY TO PLAY CASINO GAMBLING WITH GAMES OF CHANCE OF WHICH EACH TYPE OF GAME MUST BE SPECIFICALLY NAMED, BUT MAY NOT INCLUDE PAY TO PLAY BINGO, OR RAFFLES ON THE LOCAL COUNTY, OR MUNICIPAL BALLOT MEASURE ON WATER VESSELS NO LESS THAN ONE HUNDRED FEET IN LENGTH ON NAVIGABLE WATERWAYS, OR PUBLIC LAKES, OR PAY TO PLAY SIMUALCAST [SIC] OFF TRACK PARA MUTUAL [SIC] WAGERING EACH AS A WHOLELY [SIC] SEPARATE LOCAL COUNTY, OR MUNICIPAL BALLOT MEASURE ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE ANYONE, OR GROUP TO INITIATE, AND PETITION THE LEGAL VOTERS OF A MUNICIPALITY WITH A POPULATION LESS THAN TEN THOUSAND IN A COUNTY THAT HAS BY THE LEGAL VOTERS OF THE COUNTY ADOPTED, AND ENACTED THE BUSINESS OPERATION OF PAY TO PLAY CASINO GAMBLING WITH SPECIFICALLY NAMED GAMES OF CHANCE IN HOTELS, OR PAY TO PLAY CASINO GAMBLING WITH SPECIFICALLY NAMED GAMES OF CHANCE ON WATER VESSELS ON NAVIGABLE WATER WAYS, OR ON PUBLIC LAKES, OR PAY TO PLAY SIMUALCAST [SIC] OFF TRACK PARA MUTUAL [SIC] WAGERING EACH AS A WHOLELY [SIC] SEPARATE BALLOT MEASURES MAY INITIATE, AND PETITION THE LEGAL VOTERS OF THE MUNICIPALITY TO ADOPT, ENACT, OR REJECT THE BUSINESS OPERATION OF PAY TO PLAY CASINO GAMBLING WITH GAMES OF CHANCE THAT MUST BE SPECIFICALLY NAMED ON THE LOCAL MUNICIPAL BALLOT MEASURE AS ENACTED BY THE LEGAL VOTERS OF THE COUNTY IN HOTELS, OR PAY TO PLAY CASINO GAMBLING WITH GAMES OF CHANCE THAT MUST BE SPECIFICALLY NAMED ON THE LOCAL MUNICIPAL BALLOT MEASURE AS ENACTED BY THE LEGAL VOTERS OF THE COUNTY ON WATER VESSELS ON NAVIGABLE WATER WAYS, OR LAKES, OR PAY TO PLAY SIMUALCAST [SIC] PARA MUTUAL [SIC] OFF TRACK WAGERING BY THE LOCAL VOTERS OF THE MUNICIPALITY EACH AS A WHOLELY [SIC] SEPARATE LOCAL MUNICIPAL BALLOT MEASURE WHOLELY [SIC] SEPARATE FROM THE COUNTY ON THE REGULAR GENERAL ELECTION BALLOT; TO PROVIDE NO PROVISIONS TO THE MATTER OF TAXATION BY THE COUNTIES, AND OR MUNICIPALITIES, AND SHALL RESERVE THAT RIGHT OF TAXATION TO THE JURISDICTION OF THE COUNTIES, AND OR MUNICIPALITIES IN ACCORDANCE WITH THE RESPECTIVE LAWS GOVERNING TAXATION; TO PROVIDE A THREE QUARTERS MAJORITY OF THE MEMBERS OF BOTH HOUSES OF THE GENERAL ASSEMBLY TO ENACT ANY FURTHER LAWS REGULATING, AND OR TAXING GAMBLING; TO PROVIDE THE STATE, COUNTY, AND MUNICIPALITIES TO MAKE LAWS, AND ORDINANCES NOT HEREIN INCLUDED, AND SHALL RESERVE THAT RIGHT OF JURISDICTION RESPECTIVELY TO THOSE GOVERNING AUTHORITIES; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of several unresolved ambiguities in the text of your proposed amendment. I am therefore unable to substitute and certify a more suitable and correct ballot title in accordance with A.C.A. § 7-9-107(b).
It should be noted in this regard that while I will proceed herein to enumerate several areas of ambiguity that I have detected in the text of your proposal, many of the ambiguities appear to be attributable to punctuation errors, repetitious language, and convoluted sentences. The drafting problems are, in my view, extensive, and may ultimately prevent summarization in a satisfactory ballot title. It is for this reason that I urge you to either consult legal counsel or seek other professional guidance before resubmitting your petition.
Proceeding to the ambiguities that I have noted at this point, they include but are not necessarily limited to the following:
 1) In Sections (1)(a), (2)(a), (3)(a), and (4)(1) of the text, a question arises due to the placement of the comma in the phrase "pay to play bingo, and raffles by non profit organizations."[1] Ordinarily, the comma would indicate that "pay to play bingo" is a separate clause, unmodified by the subsequent qualifying phrase" non profit organizations." Thus, based upon this punctuation, this would authorize an initiative petition for the operation of pay-to-play bingo by any organization, including perhaps for-profit entities, and raffles by non-profit organizations. Was this the intent? Or is it the intent for only non-profits to operate bingo and raffles? This must be clarified in the text of the proposed amendment. Also, assuming that the intent is to only allow the operation by non-profits, I am uncertain whether the intent is to somehow limit the use of the bingo and raffle proceeds. Is this an effort to authorize charitable bingo and raffles, that is, as distinguished from the commercial or "business operation" of bingo and raffles? (Compare Section (1)(b) regarding the "business operation of pay to play casino gambling. . . .") If so, this should be addressed in the measure.
 2) An ambiguity exists in Section (1)(b) due to the placement of the phrase "but may not include pay to play bingo, or raffles" after the comma and preceding "in hotels with no less than ten (10,000) thousand square feet. . . ." If the intent is to allow casino gambling in hotels with at least 10,000 square feet, but to prohibit bingo and raffles in such hotels where casino gambling is conducted, this provision must be redrafted to reflect that intent. I am unable to determine the exact intent based on the current structuring of this provision. This ambiguity also exists in Sections (1)(c), (2)(b) and (2) (c).
 Also, regarding Sec. (1)(b) as well as the other sections concerning casino gambling, I assume that by authorizing "games of chance" you intend to thereby prohibit other forms of gambling that may involve skill. I am simply noting this in an effort to ensure that my interpretation is correct.
 3) An ambiguity also exists due to Sec. (3)(a), which authorizes a municipal bingo and raffle initiative, without regard to population, in a county that has adopted pay to play bingo and raffles. How does this provision affect Sec. (2)(a), which makes no reference to the county having adopted bingo and raffles? Which one applies? This must be clarified.
 4) Section (4) has not been summarized in the ballot title, and I am unable to adequately summarize this provision due primarily to problems with its drafting. I urge you to redraft this Section to simplify it through shorter sentences and by eliminating redundancies. The specific areas to be addressed that I am able to identify at this point based upon the current language are as follows:
 • Regarding the issuance of business licenses, it is unclear whether the county or municipality is actually required to issue licenses due to the use of the word "may," which ordinarily implies discretion.
• I cannot determine the meaning of subsection 1.
 • Subsections 2 and 4 appear to authorize the issuance of licenses in municipalities regardless of the fact that there has been no municipal initiative, as long as the county has adopted the gambling measure. This is very significant in light of all of the preceding provisions regarding municipal initiative petitions; and in my view this "consent" language should be placed near the beginning of the ballot title.
 • Does the term "gambling measures" in this Section include bingo and raffles? This should be clarified.
 • Subsection 3 appears to be a restatement of the first paragraph of Section 4. Is there any difference? If not, this redundancy could be eliminated.
 • Subsection 5 is extremely vague regarding the liability of a county or a municipality in the event a gambling measure is repealed. Is there any limit to this liability? How is the liability to be measured? These matters may give a voter serious ground for reflection, and as such should be clearly stated in order to be summarized in the ballot title.
 5) As with Section (4), there has been no attempt to summarize Section (5) in the ballot title you have submitted. A court would undoubtedly view this information as essential. I have noted the following ambiguities:
 • The first paragraph refers to "bingo games," but not raffles. Was this intentional? Of greater significance, however, is the fact that this paragraph is redundant. Thus, any ambiguities could be removed by eliminating this paragraph.
 • Regarding the vote requirement, I am uncertain whether there must be 51% of the votes cast upon the measure at the election, or 51% of those voting at the election, or 51% of the legal voters in the county or municipality. This must be clarified and addressed in the ballot title.
 7) There has been no effort to summarize Section 7 in the ballot title.
In addition to the above ambiguities and drafting problems, several misspellings and typographical errors must be noted. The word "petition" is misspelled in Sections (1)(a) and (2)(c), and the words "wholly" and "simulcast" are misspelled throughout the text. The redundant use of the words "may initiate" throughout Section 3 should also be noted, as this contributes to the difficulty in determining the intent. Indeed, thistendency toward repetition should be noted as a primary factorcontributing to ambiguity in the text of this measure.
Obviously, the misspellings and typos are easily corrected. I am unable, however, to resolve the many ambiguities in the text, and for this reason must reject your proposed ballot title and instruct you to redesign the proposed amendment, and ballot title and popular name, in accordance with A.C.A. 7-9-107(c). My office does not concern itself with the merits of proposed measures, nor do I have any constitutional role in the shaping or drafting of initiative or referendum measures. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 304 Ark. 418,793 S.W.2d 34 (1990). But where the effects of a proposed measure are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Court.
You may, after redesigning your measure to clarify the issues discussed above, resubmit your proposed amendment, along with a new proposed ballot title and popular name, at your convenience. As noted above, I encourage you to seek expert guidance in this process in order to avoid continued resubmission of your measure. I will of course be pleased to perform my statutory duties in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
Enclosure
[1] In Sec. (2)(a), the word "or" appears in "pay to play bingo, or
raffles" rather than "and." Is this intentional?